UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA VAUGHT,

        Plaintiff,

vs.                       Case No. 1:11-cv-227-HJW

THE HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

        Defendant.

### ORDER

This matter is before the Court upon the defendant's "Motion to Dismiss Plaintiff's State-Law Claims and Strike Plaintiff's Jury Demand and Claim for Damages" (doc. no. 8), which plaintiff opposes. Having carefully considered the pleadings and briefs, including the plan document attached to defendant's motion to dismiss, the Court will <u>grant</u> the motion to dismiss plaintiff's state-law claims, except as to the invasion of privacy claim, and <u>deny without prejudice</u> the motion to strike the jury demand and claim for damages, for the following reasons:

**I. <u>Issues Presented</u>**

The questions before the Court are (1) whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., pre-empts plaintiff's state law claims of breach of contract, bad faith, misrepresentation, and violation of privacy, and (2) whether the Court should strike plaintiff's demand for a jury trial and her request for compensatory and punitive damages because if all state law claims are dismissed, plaintiff is not entitled to such damages or a jury trial under ERISA.

II. Background & Factual Allegations

Sheila Vaught ("plaintiff") was a participant in an employee benefit plan issued by Hartford Life & Accident Insurance Company ("Hartford") to policyholder DaVita Inc. Plaintiff asserts claims under ERISA and Ohio law. Pursuant to ERISA, plaintiff alleges that defendant breached its fiduciary duty and improperly denied her benefits. Plaintiff also asserts state claims for: (1) breach of contract, (2) bad faith, (3) violation of privacy, and (4) misrepresentation. Plaintiff demands a jury trial and seeks compensatory and punitive damages.

According to the Complaint, Hartford administers claims submitted under the DaVita, Inc. Long Term Disability - Core Plan ("the Plan") (doc. no. 5, ¶ 6). Defendant attached a copy of the Plan to its Motion to Dismiss. The Plan provides that "this employee welfare benefit plan...is subject to certain requirements of...ERISA" (doc. no. 8-1 at 32). The Plan describes the relationships relevant to this lawsuit as follows:

> **The benefits described ... are provided under a group insurance policy. . . issued by the Hartford Life and Accident Insurance Company . . . and are subject to the Policy's terms and conditions. The policy is incorporated into, and forms a part of, the Plan. The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.**

(doc. no. 8-1 at 32). The Plan defines "Disability or Disabled" to mean:

> 1. during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your

> Occupation; 2. for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings; 3. after that, you are prevented from performing one or more of the Essential Duties of Any Occupation.
>
> If at the end of the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, but your Current Monthly Earnings are greater than 80% of your Pre-disability Earnings, your Elimination Period will be extended for a total period of 12 months from the original Date of Disability, or until such time as your Current Monthly Earnings are less than 80% of your Pre-disability Earnings, whichever occurs first.
>
> Your Disability must be the result of: 1. accidental bodily injury; 2. sickness; 3. Mental Illness; 4. Substance Abuse; or 5. pregnancy. Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that you are Disabled.

(doc. no. 8-1 at 19).

In her Complaint, plaintiff alleges that she has been totally disabled "as defined by the policy" since September 12, 2006 (doc. no. 5, ¶ 20). Plaintiff alleges that she filed for disability insurance benefits, and on March 12, 2007, was found to be eligible for these benefits (doc. no. 5, ¶ 9). On or about January 29, 2010, plaintiff was awarded Social Security Disability Insurance benefits but was "forced to turn over eighty percent of it to Hartford" (¶ 11). Plaintiff alleges that Hartford subsequently terminated her disability insurance benefits on the basis that plaintiff was "no longer disabled under the terms of the policy" (¶ 12). Plaintiff contends that Hartford terminated her benefits "without any medical basis" (¶ 13).

**Plaintiff claims that "at various times since March 2007, Hartford, through its agents, have (sic), without permission to do so, violated and invaded plaintiff's privacy by videotaping her while she was on her own property" (¶ 34). She also alleges that on several occasions in 2009, defendant's agents secretly videotaped and followed her, including by vehicle (¶¶ 14-15). Plaintiff claims that she has suffered shame, humiliation, embarrassment and apprehension, and seeks damages, costs and attorney's fees.**

**Plaintiff alleges that, despite "overwhelming medical evidence, Hartford has arbitrarily and wrongfully denied disability benefits to plaintiff since July 2010 and has refused to pay any benefits" to her since then (¶ 23). Plaintiff indicates she appealed the termination of her benefits but that defendant delayed its ruling and constructively denied her appeal (¶¶ 16-18).**

**III. Standard of Review**

**"A party may, by motion, defend against a claim for relief if the claimant fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although courts will not ordinarily consider matters outside the pleadings when ruling on a motion to dismiss, documents attached to the motion are considered part of the pleadings if they are referred to in the complaint and are central to the claims. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). The present plaintiff repeatedly refers to the "employee benefit plan" in her complaint and the Plan's provisions are central to her claims. Thus, the Court may consider the Plan without converting the motion to dismiss into a motion for summary judgment.**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (quoting Twombly, 550 U.S. 544, 570 (2007)). However, courts are not required to accept legal conclusions couched as factual allegations. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. A plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient to avoid dismissal. Id.

IV. Analysis

A. Preemption of plaintiff's breach of contract and bad faith claims

ERISA's pre-emption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The United States Supreme Court has held that the "express pre-emption provisions of ERISA are deliberately expansive and designed to establish pension plan regulation as exclusively a federal concern." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 43-44 (1987) (quoting Alessi v. Raybestos-Manhattan, Inc, 451 U.S. 504, 523 (1981)). The Court held that when a common-law claim, specifically one for breach of contract or bad faith, *relates to* an employee benefit plan, the claim is pre-empted under ERISA's pre-emption clause unless the cause of action falls under an exception. Id. at 47-48. The Court emphasized that the phrase *relate to* should be given a broad common-sense meaning and found that

where a common law cause of action is based on an improper denial of benefits under an employee benefit plan, the connection or reference to the plan triggers the express pre-emption clause. Id.

Following Pilot Life, the United States Court of Appeals for the Sixth Circuit has emphasized that it "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA," and that "only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991), cert. dismissed, 505 U.S. 1233 (1992).

Here, plaintiff essentially contends that she was improperly denied ERISA benefits and that such denial amounted to a breach of contract and bad faith (doc. no. 5 at 19-32). For example, plaintiff alleges that Hartford breached the ERISA plan because Hartford allegedly "arbitrarily and wrongfully denied disability benefits to plaintiff since July , 2010 and has refused to pay any benefits to plaintiff since July, 2010" (doc. no. 5, ¶ 23). Plaintiff further alleges that "Hartford had a duty to act in good faith in the handling and payment of plaintiff's claim" and that "Hartford has conducted itself in bad faith throughout the multi-year administration of plaintiff's disability claim including the wrongful refusal to continue to pay plaintiff's benefits" (¶¶ 26, 28). Of course, "it is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Cromwell, 944 F.2d at 1276. Plaintiff's state law claims for breach of contract and bad faith are pre-empted by ERISA because they plainly relate

to the administration of the Plan and the denial of benefits.  Pilot Life, 481 U.S. at 47-48; see also, Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988), cert. denied, 488 U.S. 826 (1988) (pre-empting breach of contract claim); Caffey v. Unum Life Ins. Co., 302 F.3d 576, 582 (6th Cir. 2002) (pre-empting bad faith claim).

### B. Pre-emption of plaintiff's misrepresentation claim

Aside from a fact-specific exception, which does not apply in this instance,[1] misrepresentation claims that *relate to* an employee benefit plan are also pre-empted by ERISA.  Cromwell, 94 F.2d at 1276 (holding that allegation of misrepresentation as grounds for recovery of benefits from plan is at the very heart of issues within the scope of ERISA's exclusive regulation and is pre-empted);  Ramsey v. Formica Corp., 389 F.3d 421, 424-25 (6th Cir. 2005) (holding that state law claim of misrepresentation stemming from employer's reduction of the plaintiff's monthly benefits was pre-empted by ERISA).

Here, plaintiff alleges that, "Hartford intentionally misrepresented what it intended to do regarding its policy and made representations in the adjustment of plaintiff's claim, which were relied upon by the plaintiff, to her detriment" (doc. no. 5, ¶ 40).  As the alleged representations were made in connection with the adjustment of plaintiff's claim for disability benefits, the misrepresentation claim relates *to* the employee benefit plan and is pre-empted by ERISA.  Pilot Life, 48 U.S. at 47-48; Cromwell, 944 F.2d at 1283-84.  Additionally, the plaintiff's allegation lacks

---

[1]See Bloemker v. Laborers' Local 265 Pension Fund, 605 F.3d 436, 440-43 (6th Cir. 2010) (holding that a misrepresentation claim may be construed as equitable estoppel and survive ERISA pre-emption under certain circumstances).

specificity and amounts to a formulaic recitation of elements, which is not sufficient to avoid dismissal. <u>Twombly</u>, 550 U.S. at 555. Thus, the claim may also be dismissed for failure to plead sufficient facts to state a claim. <u>Id.</u> at 545.

### C. <u>Pre-emption of plaintiff's invasion of privacy claim</u>

As discussed, a state law claim is pre-empted by ERISA when the claim relates to an employee benefit plan. <u>Pilot Life</u>, 481 U.S. at 47-48. Only "state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." <u>Cromwell</u>, 944 F.2d at 1276.

Defendant contends that plaintiff's invasion of privacy claim is pre-empted by ERISA and cites <u>In re General Motors Corp.</u>, 3 F.3d 980, 985 (6th Cir. 1993) in support. However, the facts of that case are quite different from the facts in the present case. In <u>General Motors</u>, a plaintiff's confidential medical records of drug treatment through an employee benefit plan were provided to plaintiff's employer during discharge proceedings. The Court of Appeals for the Sixth Circuit decided that plaintiff's invasion of privacy claim was (1) pre-empted by the Labor Management Relations Act ("LMRA") because the claim concerned confidentiality language in a document subject to the LMRA, and (2) was also pre-empted by ERISA because the claim *related to* the employee benefit plan. <u>Id.</u> at 984-86.

In the present case, plaintiff claims that "[a]t various times since March, 2007, Hartford, through its agents, have, without permission to do so, violated and invaded plaintiff's privacy by videotaping her while she was on her own property (doc. no. 5, ¶ 34). She also alleges that on several occasions, Hartford agents secretly

videotaped and followed her, including by vehicle (¶¶ 14-15). She alleges has suffered "shame, humiliation, embarrassment, and oppression" as a result (¶ 35). Although plaintiff's claim is stated in rather conclusory terms, the claim may be construed as alleging that the defendant's conduct went beyond the bounds of a reasonable investigation.

Courts have expressed concerns regarding the bounds of ERISA administrator conduct and found that some objectionable conduct does not relate to employee benefit plans for purposes of pre-emption. See <u>Dishman v. UNUM Life Ins. Co. of Am.</u>, 269 F.3d 974, 984 (9th Cir. 2001) ("We are certain that the objective of Congress in crafting Section 1144(a) was not to provide ERISA administrators with blanket immunity from garden variety torts which only peripherally impact daily plan administration."); <u>Darcangelo v. Verizon Communications, Inc.</u>, 292 F.3d 181, 192 (4th Cir. 2002) ("the simple fact that a defendant is an ERISA plan administrator does not automatically insulate it from state law liability for alleged wrongdoing against a plan participant or beneficiary").

Under Ohio law, an actionable invasion of privacy is generally defined as "the wrongful intrusion into one's private activities in such a manner as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities." <u>Housh v. Peth,</u> 165 Ohio St. 35, 39 (1956). "Intrusion upon seclusion" is recognized as a type of invasion of privacy in Ohio and occurs when a defendant invades the "private seclusion that the plaintiff has thrown about his person or affairs." <u>York v. Gen. Elec. Co.</u>, 144 Ohio App.3d 191, 194 (2001) (quoting RESTATEMENT OF TORTS §

**652B, CMT. c (1977)). Ohio does not impose liability merely for viewing affairs that are in the public view. Id. at 194. The Ohio Jury Instructions provide that:**

> **In order to establish a claim for invasion of privacy by wrongfully intruding into the plaintiff's private activities, the plaintiff must prove by the greater weight of the evidence that (A) the defendant intentionally intruded, physically or otherwise, into the private activities, solitude, or seclusion of the plaintiff; and (B) the intrusion by the defendant would be highly offensive to a reasonable person.**

**1 CV Ohio Jury Instructions (2010), Section 433.07.**

**Although the Plan indicates that Hartford may "detect, investigate, deter and prosecute those who commit Insurance Fraud," (doc. no. 8-1 at 18), Ohio law provides that such investigations may not be tortious. See York, 144 Ohio App.3d at 195 ("[I]t is not unreasonable for an employer to conduct an investigation into a person's injury while the person is receiving worker's compensation benefits, as long as the investigation does not amount to an invasion of privacy."). Although it is a close issue as to whether plaintiff's invasion of privacy claim is so connected to her claim of denial of ERISA benefits as to be pre-empted, plaintiff's allegations, taken as true, allege conduct that may be beyond the bounds of a reasonable investigation. Tortious conduct that amounts to an invasion of privacy would not "relate to" the administration of the plan for purposes of pre-emption. See, e.g., Dishman, 269 F.3d at 984 (rejecting the idea that "a plan administrator could 'investigate' a claim in all manner of tortious ways with impunity"). The nature of the investigation is necessarily a fact-specific inquiry not appropriately reviewed under Rule 12(b)(6). Taking plaintiff's allegations as true, her claim for invasion of privacy**

survives dismissal on the basis of pre-emption at this stage of the proceedings.

D. Request for damages and jury trial

Defendant correctly argues that plaintiff is not entitled to a jury trial on her claim that she was denied ERISA benefits. Sprague v. General Motors Corp., 133 F.3d 388, 406 (6th Cir. 1998)(holding that no jury trial is permitted under ERISA for a denial of benefits claim); Bair v. General Motors Corp., 895 F.2d 1094, 1096 (6th Cir.1990) (holding that an ERISA claim is equitable in nature and thus not eligible for jury trial). To the extent plaintiff alleges breach of fiduciary duty merely as part of that denial of benefits, she is also not entitled to a jury trial on that claim. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 613 (6th Cir. 1998) (holding that where plaintiff's claim amounted to a routine challenge to a denial of ERISA benefits, the breach of fiduciary duty claim was subsumed in the denial of benefits claim).

With respect to damages, plan beneficiaries may not recover punitive damages for the denial of ERISA benefits. Punitive damages are based on state law and thus are preempted by ERISA. Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689, 697 (6th Cir. 1989)), cert. denied, 495 U.S. 905 (1990); Varhola v. Doe, 820 F.2d 809, 817 (6th Cir. 1987). "The relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims." Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985).

In short, plaintiff is not entitled to a jury trial regarding the denial of ERISA

benefits, nor may she seek punitive or other extra-contractual damages for the alleged wrongful denial of benefits.  Plaintiff's state law claims are pre-empted and subject to dismissal, and thus, she would also not be entitled to a jury trial or damages on those claims.  However, to the extent that the invasion of privacy claim survives dismissal at this state of the proceedings, it would be premature to strike plaintiff's demand for a jury trial and damages as to that particular claim.

Accordingly, defendant's "Motion to Dismiss Plaintiff's State-Law Claims and Strike Plaintiff's Jury Demand and Claim for Damages" (doc. no. 8) is GRANTED in part and DENIED in part, as follows:

1. Plaintiff's state law claims are dismissed as pre-empted, except for the invasion of privacy claim in Count III;

2. Defendant's motion to strike the plaintiff's demand for a jury trial, punitive damages, and compensatory damages is <u>denied without prejudice</u>; and

3. By separate order, an ERISA scheduling order will be issued.

IT IS SO ORDERED.

                     s/Herman J. Weber
                     **Herman J. Weber, Senior Judge**
                     **United States District Court**